869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles HAMMONS, Plaintiff-Appellant,
v.
Al C. PARKE, Warden, KSR; C. Tony Williams, Deputy Warden,
Defendants- Appellees.
 No. 88-5898.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Hammons, a Kentucky prisoner proceeding pro se, appeals the district court's award of summary judgment in favor of defendants. Fed.R.Civ.P. 56. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hammons sued the warden and deputy warden of the Kentucky State Reformatory alleging that they violated his constitutional rights by denying him permission to be married.
 
 
 3
 The case was referred to a magistrate who recommended granting summary judgment in favor of defendants. The district court reviewed the case de novo in light of Hammons' objections to the magistrate's report and recommendation and adopted the report as the opinion of the court.
 
 
 4
 Upon review, we find no error. There is no dispute of fact and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 5
 In Turner v. Safley, --- U.S. ----, 107 S.Ct. 2254 (1987), the Supreme Court made clear that a prison regulation which impinges on an inmate's constitutional rights can be sustained as "reasonably related" to a legitimate penological interest. In keeping with the dictates of Turner, the defendants explained in detail the reasons for denying Hammons' request to be married. In so doing, the defendants established a rational connection between the prison regulation (K.S.R. 14-00-05) and a legitimate governmental interest. The defendants explained that Hammons and his intended bride were codefendants in a second degree robbery case. The record shows that Hammons used a gun to rob the victim and also used the weapon to threaten the life of the victim's neighbor. In addition to the robbery charge, Hammons has prior convictions for alcohol related offenses, drugs, burglary, failure to appear, and escape. Because of Hammons' recent conviction in May 1987, his history of drug abuse, failure to appear while on bond, and escape, defendants determined the marriage would create a clear and potential threat to the security of the reformatory.
 
 
 6
 Neither the prison regulation nor its application to Hammons is unconstitutional. Additionally, Hammons has no constitutional right of visitation. Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir.1984), cert. denied, 469 U.S. 845 (1984). His argument to the contrary is meritless.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 8
 Our affirmance of the denial of Hammons' request to be permitted to marry while incarcerated in the Kentucky prison system is without prejudice to his right to request approval at a subsequent time if and when no threat to security is deemed no longer to exist.